UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00614-FDW
(CRIMINAL CASE NO. 3:17-cr-00134-FDW-DSC-17)

| | |
|---|---|
| JAMES WALTER DOWDLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Unopposed Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 14].[1] Petitioner is represented by Joshua Carpenter and Megan Hoffman of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On March 13, 2018, Petitioner James Walter Dowdle ("Petitioner") was charged in a First Superseding Indictment with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1s); one count of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 24s); and one count of brandishing a firearm in furtherance of a crime of violence, that is, attempted Hobbs Act robbery charged in Count Twenty-Four, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 25s). [CR Doc. 1241: Superseding Indictment].

On July 3, 2018, the parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Twenty-Five and the Government agreed to dismiss Count 24.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00614-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-17.

[CR Doc. 1751: Plea Agreement]. Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 2007]. In the PSR, the probation officer noted the mandatory 5 years-to-life consecutive sentence for Petitioner's § 924(c) conviction. [Id. at ¶¶ 77-78]. The probation officer found the Total Offense Level to be 16 and the Criminal History Category to be VI, yielding a recommended Guidelines Range of 46 to 57 months' imprisonment, with the statutory term on Count 25s to run consecutively. [Id. at ¶¶ 39, 56, 79].

The Petitioner was sentenced on January 2, 2019. At the hearing, the Court sentenced Petitioner at the lower edge of the advisory Guideline range to terms of imprisonment of 46 months on Count 1s and a consecutive term of 60 months on Count 25s, for a total term of 106 months' imprisonment. [CR Doc. 2367 at 2: Judgment]. Judgement was entered on January 15, 2019. [Id.]. Petitioner did not directly appeal his conviction or sentence.

On November 13, 2019, Petitioner moved to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under United States v. Davis, 139 S.Ct. 2319 (2019). [CV Doc. 1]. The Court *sua sponte* held this matter in abeyance on the Fourth Circuit's grant of a certificate of appealability in United States v. Taylor, No. 19-7616, on the issue of whether attempted Hobbs Act robbery constitutes a predicate "crime of violence" for purposes of 18 U.S.C. § 924(c). [CV Doc. 6]. The Fourth Circuit concluded that it does not, United States v. Taylor, 979 F.3d 203, 210 (4th Cir. 2020), and the Supreme Court granted certiorari. The Supreme Court has decided Taylor, 142 S.Ct. 2015 (2022), and the Petitioner's Unopposed Motion to Vacate is now before the Court for consideration. [Doc. 14].

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

2

proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022).

As such, as the parties agree, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer supported by a valid predicate crime of violence and the Court must vacate it under Section 2255. [Doc. 14]. The parties further agree that a resentencing hearing is unnecessary in this case and that a time-served sentence on the remaining counts is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a). [Id.]. They note that Petitioner has already served five years in custody,

that his guidelines range without the § 924(c) conviction would have been lower than the time already served, and that he has performed will during his incarceration. [Id at 4].

Based on the foregoing, Count 25s is vacated. The Court finds that a resentencing hearing is unnecessary and that a sentence of time served on the remaining count is appropriate pursuant to § 3553(a). With the consent of the parties, the Clerk will be instructed to issue an Amended Judgment imposing a sentence of time served for the remaining count, with all other terms and conditions remaining in effect.

## IV. CONCLUSION

Petitioner's Unopposed Motion to Vacate Sentence Under 28 U.S.C. § 2255 and to Impose Time-Served Sentence [Doc. 14] is granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Unopposed Motion to Vacate Sentence Under 28 U.S.C. § 2255 and to Impose Time-Served Sentence [Doc. 14] is **GRANTED**.

2. Petitioner's conviction on Count 25s is **VACATED**.

3. The Clerk is directed to issue an Amended Judgment imposing a sentence of time served for the remaining count, with all other terms and conditions remaining in effect; and to serve copies of this Order on the Federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERD**.

Signed: August 2, 2022

_____
Frank D. Whitney
United States District Judge

4